Mr. Justice Thachee.
delivered the opinion of the court.
Carson filed his bill in the superior court of chancery. He charges therein that Keirn instituted a suit against him and Peirce Griffin, in the circuit court of Adams county, in March, 1835, for a breach of warranty of the soundness of two slaves sold by them to Keirn, and recovered a judgment in said suit at the April term of said court, 1838. He charges that the writ in said suit was returned executed as to him, together with his co- *438 defendant therein, when in point of fact the writ was not executed upon him; and that C. Rawlings, an attorney, filed his appearance in said suit without his wish and authority; and that Rawlings is insolvent. Since the judgment in the Adams county circuit court, suit has been instituted thereon in the courts of Kentucky, and judgment there also recovered.
From all the testimony, it is most probable that Carson was not within the reach of the process of the Adams circuit court at the time it was returned as executed upon him; and admitting this to have been so, it is next to be inquired whether the want of notice was cured and supplied by the appearance of the attorney’s plea for him. This will be the case if the attorney were authorized by Carson to enter the appearance or to defend the suit; and as to this, it is a matter of fact to be ascertained from the proof.
It is proved by Griffin, that, in the spring of 1835, he informed Carson, in Kentucky, of the pendency of the suit against them in the Adams circuit court, and that Carson aided in taking depositions in the suit, attending to them in person, and paying his proportion of the expense. There is also introduced a letter from Carson, addressed to Rawlings the attorney, dated July 28,1835, in which he says, “ The other business that we wrote you aboiU we have not heard from, that is, G. Keirn against Carson and Griffin in the Natchez court, that Griffin employed you in. We still trade in negroes. Write me, when you do any thing, to this place.”
The testimony of Griffin shows that Carson was informed of the pendency of the suit, and that he took'an interest in it, at least for Griffin, and probably on his own account. But in the letter to the attorney, Carson recognizes him as such in the particular case, and desires him to communicate to him any thing which he did in respect to it.
Rawlings, the attorney, testifies, that when employed by Griffin to defend the suit, he understood he was employed to defend Carson also, and entertained no doubt of it after receiving Carson’s letter. He likewise testifies that he made a full defence, and that there was a full and fair trial.
*439 Thomas Aimat, a partner of Rawlings in legal business subsequently to the suit, testifies that, from examination of papers and correspondence of Rawlings, he has no doubt that Rawlings was engaged by Carson and Griffin to defend them in the suit, and that Rawlings did attend to the same.
There is no attempt made in the record to show that the appearance was procured by fraud,.or that the judgment was improperly obtained without a full trial and hearing. The'bill is based entirely upon the ground that Carson did not engage the services of Rawlings to defend' him in the suit, or authorize his appearance for him. In this we think the proof strongly points to the contrary, and most certainly does not sustain the bill.
Decree reversed, and bill dismissed.